### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**RICHARD ALLEN WASHAM**                                                                      **MOVANT**

**v.**                             **MISCELLANEOUS CASE NO. 3:06MC-45-H**

**UNITED STATES**                                                        **RESPONDENT**

### **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Richard Allen Washam's motion to release information on the grand and petit juries under 28 U.S.C. § 1867(f) (DN 1). Although Washam is a defendant in a pending criminal action, *see* Criminal Action No. 1:03CR-43-M,[1] he sent this motion directly to the undersigned Chief Judge, presumably pursuant to this Court's Jury Selection Plan. *See infra*. He has also recently filed two similar motions in his pending criminal action.[2] For the reasons that follow, the Court will order the motion filed in the pending criminal action; direct the United States to respond; defer a ruling on the motion to the Honorable Joseph H. McKinley, Jr., the presiding judge over the criminal matter; and direct the Clerk of Court to administratively close the instant action.

### I.

Claiming a violation of the Federal Selection Act, Washam seeks an order directing the Clerk to provide "a detailed list of the racial composition of just, and grand jurors and petit panel jurors for the years [from] 2003 – 2006. All were seated on Defendants petit jury." He additionally lists jurors' names and seeks "to know how many times any of these Listed Jurors have been called for Jury service within the Last two-years." He advises that "these records are

---

[1] Washam was indicted by the grand jury over three years ago on October 8, 2003, (DN 2), and convicted by the petit jury on August 3, 2006 (DN 136). A motion for new trial (DN 189) is pending with supplemental briefing due April 15, 2007 (DN 205).

[2] Washam filed a motion to inspect the grand jury wheel (DN 196) and a motion to release information on the grand jury and petit jury compositions under 28 U.S.C. § 1867(f) (DN 200).

needed to research and challenge the issues of systematic exc[]lusion of 'minorities' off of jury panels and under representation." In closing his motion, Washam "prays that this motion is granted, and a court order be entered into record for dismissal of the indictment due to grand jury composition, with prejudice." It thus appears that Washam seeks the information in order to file a motion in his criminal action under 28 U.S.C. § 1867(a)[3] challenging this Court's compliance with jury selection procedures.

## II.

Washam brings his motion for disclosure pursuant to 28 U.S.C. § 1867(f), which provides:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process *shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section,* until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

(emphasis added).

---

[3]Section 1867(a) provides,

In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Under § 5.01 of this Court's Jury Selection Plan ("JSP"), "Applications for disclosure of grand juror information must be made by motion *to the Chief Judge* and must show exceptional and compelling circumstances why disclosure should be allowed." (emphasis added).  Section 5.03(b), however, provides that release of master jury wheel information "shall not be disclosed to any person except upon written order *of the District Court*, except pursuant to 28 U.S.C. § 1867" (emphasis added), and § 5.03(c) provides that "Parties desiring to prepare or present a motion pursuant to 28 U.S.C. § 1867 shall make written application for disclosure *to the District Court* and tender an appropriate order therewith."  (emphasis added).  Finally, under § 5.03(d), "Upon written request *to the Chief Judge*, the Court may direct that the Clerk make selected juror management records available for public inspection for the purpose of determining the validity of the selection of any jury."  (emphasis added).

While § 5.01 of the JSP requires that an application for disclosure of grand juror information be made to the Chief Judge, other sections of the JSP permit disclosure requests to be made to either the Chief Judge or the District Court.  Since similar disclosure motions are already pending in the criminal action and since Washam ultimately seeks dismissal of the indictment, the undersigned Chief Judge believes that Judge McKinley, who has presided over the criminal matter for years, is in a better position to address the disclosure issue at this late stage in the criminal action and thus **defers to Judge McKinley's judgment in this matter**.

Accordingly, **IT IS ORDERED** as follows:

(1)     The Clerk of Court shall **FILE** Washam's motion to release information on the grand and petit juries under 28 U.S.C. § 1867(f) (DN 1) in Criminal Action No. 1:03CR-43-M.

(2)     The United States **shall respond** to the motion within the time prescribed by the Local Rules.  The Clerk of Court is **directed to send** the United States a copy of the motion for disclosure and its attachments (DN 1).

(3)     The Clerk of Court shall **ADMINISTRATIVELY CLOSE** the instant action.

Date:

cc:     Movant, *pro se*
        United States Attorney
        Judge Joseph H. McKinley, Jr.

4412.005